**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:26-CV-27366-WILLIAMS/LOUIS**

KARLA RIVERA CONTERAS, )
)
Plaintiff, )
)
v. )
)
DUTY FREE AMERICAS, INC. )
)
Defendant. )
)

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant DUTY FREE AMERICAS, INC. ("***DFA***"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint, and submits the following answers to each subsequently numbered Paragraph of the Complaint as follows:

**Parties, Jurisdiction and Venue**

1. DFA admits the allegations in Paragraph 1.

2. DFA admits the allegations in Paragraph 2.

3. DFA admits the allegations in Paragraph 3.

4. Paragraph 4 calls for a legal conclusion and requires no response. To the extent a response is required, DFA denies the allegations in Paragraph 4.

5. DFA denies the allegations in Paragraph 5, except DFA admits that this Court has jurisdiction over this action.

6. DFA denies the allegations in Paragraph 6, except DFA admits that venue is proper in this Court.

**Common Background Facts**

7. DFA admits the allegations in Paragraph 7.

8. DFA denies the allegations in Paragraph 8.

9. DFA admits the allegations in Paragraph 9.

10. DFA denies the allegations in Paragraph 10, except DFA admits that Mr. Lalinde acted inappropriately towards Plaintiff.

11. DFA is unable to admit or deny the allegations in Paragraph 11 as they implicate the state of mind of Plaintiff and Mr. Lalinde. Accordingly, DFA denies the allegations in Paragraph 11.

12. DFA denies the allegations in Paragraph 12.

13. DFA denies the allegations in Paragraph 13.

14. DFA denies the allegations in Paragraph 14.

15. DFA denies the allegations in Paragraph 15.

16. DFA denies the allegations in Paragraph 16, except DFA admits that Plaintiff recorded and distributed DFA's video footage without authorization.

17. DFA denies the allegations in Paragraph 17.

18. DFA denies the allegations in Paragraph 18.

19. DFA denies the allegations in Paragraph 19.

20. DFA denies the allegations in Paragraph 20.

21. DFA denies the allegations in Paragraph 21, except DFA admits that DFA met with Plaintiff on December 23, 2024.

22. DFA denies the allegations in Paragraph 22, except DFA admits that DFA terminated Plaintiff on December 23, 2024.

23. DFA denies the allegations in Paragraph 23.

24. DFA denies the allegations in Paragraph 24, except DFA admits that DFA terminated Plaintiff on December 23, 2024.

25. DFA denies the allegations in Paragraph 25.

26. DFA denies the allegations in Paragraph 26.

27. DFA denies the allegations in Paragraph 27.

28. DFA denies the allegations in Paragraph 28.

29. DFA admits the allegations in Paragraph 29.

30. DFA admits the allegations in Paragraph 30.

31. DFA admits the allegations in Paragraph 31.

32. DFA admits the allegations in Paragraph 32.

33. DFA is without knowledge sufficient to admit or deny the allegations in Paragraph 33 and, therefore, denies them, except DFA admits that Plaintiff has counsel.

**COUNT I – VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT**

34. Paragraph 34 characterizes the action, and thus no response is required. To the extent that a response is required, denied.

35. DFA admits the allegations in Paragraph 35.

36. DFA admits the allegations in Paragraph 36.

37. DFA denies the allegations in Paragraph 37.

38. DFA denies the allegations in Paragraph 38.

39. DFA denies the allegations in Paragraph 39.

40. DFA denies the allegations in Paragraph 40.

**COUNT IA – SEX DISCRIMINATION**
**(Sexual Harassment / Hostile Work Environment)**

DFA realleges and reincorporates its answers to Paragraphs 1 through 40 above as if fully set forth herein.

41. Paragraph 41 is a purported recitation of the law, and thus no response is required. To the extent that a response is required, denied.

42. DFA admits the allegations in Paragraph 42 inasmuch as they allege that Plaintiff is female.

43. DFA denies the allegations in Paragraph 43.

44. DFA denies the allegations in Paragraph 44.

45. DFA denies the allegations in Paragraph 45.

46. DFA admits the allegations in Paragraph 46.

47. DFA denies the allegations in Paragraph 47.

48. DFA denies the allegations in Paragraph 48.

In response to the ad damnum clause following Paragraph 48, DFA denies that Plaintiff is entitled to any of the relief requested therein.

**COUNT IB – RETALIATION**
**(In Violation of Title VII)**

DFA realleges and reincorporates its answers to Paragraphs 1 through 40 above as if fully set forth herein.

49. Paragraph 49 is a purported recitation of the law, and thus no response is required. To the extent that a response is required, denied.

50. DFA denies the allegations in Paragraph 50.

51. DFA denies the allegations in Paragraph 51.

52. DFA denies the allegations in Paragraph 52, except DFA admits that it terminated Plaintiff's employment.

53. DFA denies the allegations in Paragraph 53.

54. DFA denies the allegations in Paragraph 54.

55. DFA denies the allegations in Paragraph 55.

56. DFA denies the allegations in Paragraph 56.

57. DFA denies the allegations in Paragraph 57.

58. DFA denies the allegations in Paragraph 58.

In response to the ad damnum clause following Paragraph 58, DFA denies that Plaintiff is entitled to any of the relief requested therein.

**COUNT III – VIOLATIONS OF THE FLORIDA CIVIL RIGHTS ACT**
**(Fla. Stat. §§ 760.01, *et seq.*)**

DFA realleges and reincorporates its answers to Paragraphs 1 through 33 above as if fully set forth herein.

59. Paragraph 59 is a purported recitation of the law, and thus no response is required. To the extent that a response is required, denied.

60. Paragraph 60 is a purported recitation of the law, and thus no response is required. To the extent that a response is required, denied.

61. DFA admits the allegations in Paragraph 61.

62. DFA admits the allegations in Paragraph 62.

63. DFA denies the allegations in Paragraph 63.

64. DFA denies the allegations in Paragraph 64.

65. DFA denies the allegations in Paragraph 65.

66. DFA denies the allegations in Paragraph 66.

67. DFA denies the allegations in Paragraph 67.

**COUNT IIA – SEX DISCRIMINATION**
**(Sexual Harassment / Hostile Work Environment)**

DFA realleges and reincorporates its answers to Paragraphs 1 through 33 and 59 through 67 above as if fully set forth herein.

68. Paragraph 68 is a purported recitation of the law, and thus no response is required. To the extent that a response is required, denied.

69. DFA denies the allegations in Paragraph 69.

70. DFA denies the allegations in Paragraph 70.

71. DFA denies the allegations in Paragraph 71.

72. DFA admits the allegations in Paragraph 72.

73. DFA denies the allegations in Paragraph 73.

74. DFA denies the allegations in Paragraph 74.

In response to the ad damnum clause following Paragraph 74, DFA denies that Plaintiff is entitled to any of the relief requested therein.

**COUNT IIB – RETALIATION**
**(In Violation of the FCRA)**

DFA realleges and reincorporates its answers to Paragraphs 1 through 33 and 59 through 67 above as if fully set forth herein.

75. Paragraph 75 is a purported recitation of the law, and thus no response is required. To the extent that a response is required, denied.

76. DFA denies the allegations in Paragraph 76.

77. DFA denies the allegations in Paragraph 77.

78. DFA denies the allegations in Paragraph 52, except DFA admits that it terminated Plaintiff's employment.

79. DFA denies the allegations in Paragraph 79.

80. DFA denies the allegations in Paragraph 80.

81. DFA denies the allegations in Paragraph 81.

82. DFA denies the allegations in Paragraph 82.

83. DFA denies the allegations in Paragraph 83.

84. DFA denies the allegations in Paragraph 84.

85. DFA denies the allegations in Paragraph 85.

86. DFA denies the allegations in Paragraph 86.

In response to the ad damnum clause following Paragraph 86, DFA denies that Plaintiff is entitled to any of the relief requested therein

DFA denies that there are any issues to be tried by a jury in this case.

DFA denies all allegations except for those allegations that DFA has expressly admitted herein.

**<u>AFFIRMATIVE DEFENSES</u>**

1. Plaintiff's claims for statutory damages under Title VII are subject to the applicable statutory damages cap, in this case $300,000 (for employers with more than 500 employees).

2. Plaintiff's claims for statutory damages under the FCRA are subject to the applicable statutory damages cap contained in the FCRA.

3. Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by her failure to mitigate or reasonably attempt to mitigate her alleged damages.

4. DFA had legitimate, non-discriminatory and non-retaliatory reasons for its actions and did not violate Title VII, the FCRA, or any other constitutional or statutory provision under which the alleged causes of action are or could be brought.

5. Plaintiff's alleged protected activity was not the "but for" cause of her termination.

6. Plaintiff's retaliation claims fail because Plaintiff did not engage in statutorily protected activity.

7. DFA took reasonable care to prevent and promptly correct any harassing behavior by its employees toward Plaintiff.

Dated this 26th day of October, 2026

*/s/ Kevin E. Vance*
Kevin E. Vance, Esq.
Florida Bar No.: 670464
**DUANE MORRIS LLP**
Boca Center Tower II
5100 Town Center Circle, Suite 400
Boca Raton, FL 33486-1008
Tel: 561-962-2108
kevance@duanemorris.com
pnmendoza@duanemorris.com
mlchapski@duanemorris.com

*Counsel for Defendant*

DM2\303532369.1