**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-27366-KMW

KARLA RIVERA CONTRERAS,

Plaintiff,

v.

DUTY FREE AMERICAS, INC.,

Defendant.
_______________________________________/

**DISCOVERY PRACTICES AND PROCEDURES**
**FOR MAGISTRATE JUDGE LAUREN F. LOUIS**

This case was referred to the undersigned for all discovery matters. The following practices and procedures are designed to help the parties and the Court work together to complete civil discovery without undue delay and unnecessary expense. The undersigned's discovery dispute procedures are contained in Part III of this document.

## I. AGREEMENTS FOR CONFIDENTIAL TREATMENT OF DISCOVERY

A stipulation among parties to keep discoverable information confidential on agreed-upon terms might constitute an enforceable agreement, but it is not a self-executing Court Order. Parties may move for entry of a proposed protective order under Federal Rule of Civil Procedure 26(c). The Court may enter a protective order "for good cause." Fed. R. Civ. P. 26(c)(1). The parties' mutual agreement to the form and content of an appropriate protective order may, in and of itself, constitute good cause. *See Mauro v. Alldredge*, No. 12-cv-1333, 2013 WL 3866531, at *5 (M.D. Fla. July 25, 2013).

If the parties file a joint motion for entry of a protective order, the parties shall promptly send to louis@flsd.uscourts.gov the proposed protective order in Word format. *See* S.D. Fla. CM/ECF Admin.

Proc. 3I(6). I will omit from a protective order any proposed provision that would allow a party to bypass Local Rule 5.4's requirements for filing material under seal.

## II. OBJECTIONS TO DISCOVERY REQUESTS

### A. Boilerplate Objections

Parties shall not make non-specific, boilerplate objections. Such objections violate the Federal Rules of Civil Procedure and the Local Rules of this District. *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985); S.D. Fla. L.R. 26.1(e)(2)(A).

For example, a party who objects to a discovery request on the ground that the request is vague, overly broad, or unduly burdensome must explain—at the time the objection is first raised—the specific and particular ways in which the request is vague, overly broad, or unduly burdensome. If a party believes that a discovery request is vague, that party shall attempt to obtain clarification from opposing counsel before objecting on the ground of vagueness. An objection that a discovery request is irrelevant or disproportionate must include a specific explanation describing why the request lacks relevance or is disproportionate in consideration of the factors enumerated in Federal Rule of Civil Procedure 26(b)(1). An objection stating that a discovery request is vague, overly broad, unduly burdensome, irrelevant, or disproportionate without explaining which part of the request is objectionable and why is meaningless and disregarded by the Court. In other words, a non-specific, boilerplate objection is the equivalent of no objection at all.

### B. "Not Reasonably Calculated to Lead to Admissible Evidence"

An objection that a discovery request is "not reasonably calculated to lead to admissible evidence" is an outdated type of objection that relies on a prior version of the Federal Rules of Civil Procedure. This language no longer appears in the Federal Rules. The current version of Rule 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Information "need not be admissible in evidence" to be discoverable. Fed. R. Civ. P. 26(b)(1).

### C. Objection Based on Scope

When a party objects on the ground that the scope of a discovery request is unduly broad, such as in time frame or geographic scope, the objecting party must provide discovery as to those matters within the scope that is not disputed. For example, if the requesting party seeks discovery of all accidents nationwide for a ten-year period, and the responding party objects on the ground that the scope of discovery should be limited to accidents in Florida for a five-year period, then the responding party shall provide responsive discovery for accidents in Florida for the five-year period.

### D. Objection Followed by an Answer / Providing an Answer "Subject to and Without Waiving" an Objection

An objecting party must state with specificity the extent to which responsive information or documents are being withheld. *See* Fed. R. Civ. P. 34(b)(2)(C); S.D. Fla. L.R. 26.1(e)(2)(A). If all responsive information has been provided or all responsive documents have been produced, then the responding party shall include in the answer or response a clear statement to that effect.

"[I]t is improper to provide discovery subject to objections or 'without waiving' an objection. If a party has a legitimate objection, it should be made specifically, identifying the aspect of the discovery that is improper and why. If the discovery is provided, the objection is waived. The [requesting] party cannot know what has been withheld if the responding party fails to connect the specific objection to the

specific information requested." *Waters Edge Living, LLC v. RSUI Indem. Co.*, No. 06cv334, 2008 WL 1816418, at *6 (N.D. Fla. Apr. 22, 2008).

**E. Objection Based on Privilege**

Generalized or blanket objections asserting attorney-client privilege, the work product doctrine, or any other privilege are not permitted by the Federal Rules of Civil Procedure or the Local Rules. *See* Fed. R. Civ. P. 26(b)(5)(A); S.D. Fla. L.R. 26.1(e)(2)(B). Objections based on privilege must be accompanied by a privilege log that typically includes the following information for each responsive document protected by the privilege: the particular privilege being asserted; the nature and subject matter of the communication at issue; and the sender and receiver of the communication and their relationship to each other. The privilege log may need to provide different or additional information depending on the circumstances. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii) ("[T]he party must . . . describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that . . . will enable other parties to assess the claim" of privilege.).

If a party asserts a general or blanket objection based on privilege without attaching a proper privilege log, the objection based on privilege may be deemed waived. The production of non-privileged materials shall not be delayed while the responding party is preparing a privilege log or while the requesting party is assessing the claim of privilege.

**F. Objection to Scope of a Rule 30(b)(6) Notice of Deposition**

Objections to the scope of a Rule 30(b)(6) notice shall be raised by timely serving those objections on the noticing party in advance of the deposition, not by filing a motion for protective order. *See King v. Pratt & Whitney*, 161 F.R.D. 475 (S.D. Fla. 1995); *New World Network Ltd. v. M/V Norwegian Sea*, No. 05-22916-CIV, 2007 WL 1068124, at *5 (S.D. Fla. Apr. 6, 2007).

> [T]he better procedure . . . is for a corporate deponent to object to the designation topics that are believed to be improper and give [advance] notice to the requesting party of those

> objections. . . . The requesting party has the obligation to reconsider its position, narrow the scope of the topic, or otherwise stand on its position and seek to compel additional answers if necessary, following the deposition.

*Direct Gen. Ins. Co. v. Indian Harbor Ins. Co.*, No. 14-20050-CIV, 2015 WL 12745536, at *1 (S.D. Fla. Jan. 29, 2015).

### G. Burden to Sustain Objections

The burden is on the objecting party to demonstrate with specificity why the objected-to request is not permitted by Rule 26(b)(1). *See Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1354 (S.D. Fla. 2000); *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 695 (S.D. Fla. 2007); *see also* Local Rule 26.1(e)(4) ("On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost."). Failure to satisfy this burden will result in entry of an order compelling discovery under Rule 37. If the party compelled fails to show that its position was substantially justified, the Court will shift the fees that the moving party incurred to bring the motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(A).

If the objecting party meets its initial burden, the burden then shifts to the party seeking discovery to show with specificity how the information or documents sought are relevant and proportional to the needs of the case. *See Lombardi v. NCL (Bahamas) Ltd.*, No. 15-20966-CIV, 2015 WL 12085849, at *1 (S.D. Fla. Dec. 11, 2015).

## III. DISCOVERY DISPUTE PROCEDURES

### A. Timing

Discovery disputes must be timely raised as required by Local Rule 26.1(g)(2). The Court strictly enforces this Rule. The Court also enforces Local Rule 26.1(d), which requires that all discovery, including resolution of discovery disputes, be fully completed prior to expiration of the discovery cut-off date. By virtue of the rule, no Court intervention or remedy will be available to either party after the cut-off date even if the parties agree to engage in discovery after the cut-off date.

### B. Conferral Required

Before the parties are permitted to bring a discovery dispute before the Court, the parties must first confer in a good faith effort to resolve the dispute in compliance with Local Rule 7.1(a)(3). Under this Local Rule, counsel must certify that the parties made good faith efforts to resolve or narrow the dispute and identify the date(s) on which conferral occurred and the means of communication used. An adequate certificate of conference almost always requires at least one, if not more, live conversations between counsel. Live conversations may occur in-person or via telephone or video conference; **email correspondence alone does not constitute sufficient conferral**.

The duty to confer *in good faith* is reciprocal. The failure to comply with this Rule constitutes an independent basis on which the Court may deny the relief sought. Similarly, failure by the opposing party to engage in good faith efforts to resolve or narrow the discovery dispute will be considered by the Court in deciding whether an award of fees is appropriate if the motion is granted.

### C. Raising a Discovery Dispute

There are two ways in which a party can raise a discovery dispute for Magistrate Judge Louis's adjudication.

#### 1. Written Discovery Motion

One way is to file a written motion that is consistent with the Federal Rules of Civil Procedure and the Local Rules of this District. Any party can file a written discovery motion without seeking Magistrate Judge Louis's leave.

Unless expedited consideration is warranted, the Court will consider the written motion in the ordinary course. *See* S.D. Fla. L.R. 7.1(d). Discovery motions and response briefs may not exceed ten pages; reply briefs may not exceed five pages. *See* S.D. Fla. L.R. 26.1(g)(3). A party who files or

responds to a written discovery motion may request a hearing as permitted by Local Rule 7.1(b)(2), but the filing of a written motion does not guarantee a hearing.

The instructions attendant to the Informal Discovery Hearing procedure, which are set forth in the following section, **do not apply** to written discovery motions. For example, if the Court decides to set a hearing on a written discovery motion, the parties are neither required nor permitted to send materials to my chambers via email.

**2. Informal Discovery Hearing Procedure**

Instead of filing a written discovery motion, the parties can request adjudication of their dispute in an Informal Discovery Hearing. The Informal Discovery Hearing procedure is designed to help parties quickly and cost-effectively resolve disputes about the proper scope of discovery. The procedure is not mandatory. Motions for sanctions (including for the exclusion of undisclosed material) cannot be resolved at an Informal Discovery Hearing. Such motions must be made in writing.[1]

Utilization of the Informal Discovery Hearing procedure requires strict compliance with the following instructions:

The parties shall confer and identify at least two (2) dates within the next fourteen (14) days at which they are available for a hearing. The movant shall send one (1) email, copying all parties, to louis@flsd.uscourts.gov. The subject line of the email shall include: "Request for Discovery Hearing." The email shall provide the case number, case caption, the jointly proposed dates for the hearing, and the anticipated duration of the hearing. The email shall certify that the parties have conferred in a good faith attempt to resolve their dispute but have been unable to do so.

The Court will respond to the email, confirming the date and time at which the Informal Discovery Hearing will take place. Within twenty-four (24) hours of the Court confirming the hearing,

[1] For the avoidance of doubt, a motion under Fed. R. Civ. P. 37(a)—Motion for an Order Compelling Disclosure or Discovery—can be adjudicated at an Informal Discovery Hearing.

the movant shall file a Notice of Hearing and simultaneously calendar a "Discovery Hearing" when prompted by the CM/ECF system. *If the movant lacks CM/ECF filing credentials, the Court will calendar the Discovery Hearing on the pro se party's behalf; this does not relieve the pro se party movant of the obligation to file a Notice of Hearing within two (2) business days of receiving confirmation from the Court of the hearing date.* **The failure to timely file the notice of hearing may result in an order cancelling the hearing, in which case the parties would need to obtain new agreed-upon dates to submit to the Court (via email) for approval.**

The Notice of Hearing shall set forth, with specificity, the substance of the discovery matter to be heard. While the Notice of Hearing should not advance any argument, the Notice must be sufficiently detailed to provide the Court with advance notice of each dispute to be heard. Two or three complete sentences describing each dispute to be heard usually will be ideal. For example, a proper Notice may provide: "The parties dispute the appropriate time frame and geographic scope for Plaintiff's Interrogatory Nos. 1–5. Defendant objects to Plaintiff's request for information about accidents nationwide during a ten-year period. Defendant asserts that the interrogatories should be limited to accidents in Florida during a five-year period." A Notice of Hearing that fails to sufficiently describe the disputes to be heard will be stricken.

By no later than 12:00 P.M. two business days before the Informal Discovery Hearing, each party shall send an email to louis@flsd.uscourts.gov, attaching copies of all materials relevant to the discovery dispute(s) ("Source Materials") and a proposed order setting forth the specific relief desired for each discovery request / category of discovery requests at issue. For example, if the parties have noticed a dispute about Plaintiff's Interrogatories, the parties should provide my chambers with a copy of Defendant's Answers to Plaintiff's Interrogatories.

Do not send any materials that are not relevant to the noticed dispute(s). I do not require separate copies of "Interrogatories" and "Answers to Interrogatories" if the Answers contain the language of each interrogatory therein; please send only the Answers. The same is true with respect to Requests for Production and Responses to Requests for Production; just send the Responses.

**Do not** combine into a single PDF multiple Source Materials which, in their native condition, were separate documents. Labeling a Source Material as "Exhibit 1" or "Exhibit A" generally is not helpful for an Informal Discovery Hearing; please use specific, simple descriptions to title the Source Materials sent to chambers (*i.e.*, "Plaintiff's Supplemental Answers to Defendant's Interrogatories").

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of November, 2026.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE