Filing # 257422025 E-Filed 09/18/2026 05:24:53 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

CASE NO.:

KARLA RIVERA CONTRERAS,

Plaintiff,

vs.

DUTY FREE AMERICAS, INC.,

Defendant.
_____________________________/

# COMPLAINT

Plaintiff, Karla Rivera Contreras, through her undersigned counsel, sues Defendant, Duty Free Americas, Inc., as follows:

## Parties, Jurisdiction and Venue

1. Plaintiff, Karla Rivera Contreras ("Ms. Rivera"), was and is a female resident of Miami-Dade County, Florida who is over eighteen years of age and sui juris.

2. Defendant, Duty Free Americas, Inc. ("Defendant"), is a for-profit corporation authorized to conduct, and which has conducted, business in Miami-Dade County, Florida, and is subject to this Court's jurisdiction.

3. At all times material to this action, Defendant employed twenty-five or more employees and was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), and the Florida Civil Rights Act, Fla. Stat. §§ 760.01, et seq. ("FCRA").

4. Defendant was and is responsible for the conduct, acts, and omissions of its officers, directors, managers, supervisors, employees, and agents at all times material to this action.

5. This Court has jurisdiction over Ms. Rivera's claims arising under Title VII and the FCRA and over the relief sought herein.

6. Venue is proper in Miami-Dade County, Florida because Defendant conducts business in Miami-Dade County, Plaintiff was employed by Defendant in Miami-Dade County, and the unlawful employment practices alleged in this Complaint occurred in Miami-Dade County.

Common Background Facts

7. Ms. Rivera began her employment with Defendant on October 31, 2023, as a full-time Sales Associate at Defendant's retail store located at Miami International Airport.

8. Throughout her employment with Defendant, Ms. Rivera performed her job duties satisfactorily and was never disciplined or given negative feedback.

9. Juan Lalinde was a male co-worker of Ms. Rivera who was also employed by Defendant as a Sales Associate at the same store where she worked.

10. On December 14, 2024, while Ms. Rivera was on break in the store office, Mr. Lalinde approached Ms. Rivera from behind, hugged her without her consent, and forcibly kissed her on the mouth.

11. The conduct was unwelcome, uninvited, and offensive to Ms. Rivera. It was based on Ms. Rivera's sex.

12. Immediately after the incident, Ms. Rivera reported what happened to several co-workers, including supervisory employee Maria-Carmen Perez, and followed Defendant's complaint procedure by notifying her direct supervisor.

13. By reporting and opposing Mr. Lalinde's conduct, Ms. Rivera engaged in activity protected by Title VII and the FCRA.

14. The following day, Ms. Rivera was permitted to view the store's security footage depicting the incident. Ms. Rivera, along with her supervisor Maria-Carmen Perez and other co-workers, viewed the footage together.

15. The surveillance footage documented Mr. Lalinde's harassment and battery of Ms. Rivera.

16. Ms. Rivera recorded a portion of the footage on her telephone to preserve evidence documenting the incident she had reported, including in the event the footage was subsequently lost, destroyed, or deleted.

17. Following Mr. Lalinde's harassment and battery, Ms. Rivera made a request to Assistant Manager Katy Rivera that Defendant transfer her to a different store location so that she would not be required to continue working with Mr. Lalinde.

18. Ms. Rivera then met with Ricardo Arroliga and Stefany from Defendant's Human Resources department and reported Mr. Lalinde's harassment to them.

19. After this meeting, Ms. Rivera was transferred to work in a different store location for approximately one week—until her employment was ultimately terminated.

20. Defendant and its Human Resources personnel therefore knew that Ms. Rivera had reported Mr. Lalinde's conduct, opposed that conduct, and requested that Defendant separate her from him because of the incident.

21. On December 23, 2024—only nine days after Ms. Rivera reported Mr. Lalinde's sexual harassment—she was called into a meeting with Human Resources.

22. During the meeting, Mr. Arroliga and Stefany questioned Ms. Rivera about the surveillance footage and her assault/battery by Mr. Lalinde, and informed her that her employment with Defendant was terminated, effective immediately.

23. Before Ms. Rivera reported Mr. Lalinde's conduct, she had never been disciplined or given negative feedback concerning her job performance or compliance with Defendant's policies.

24. Defendant terminated Ms. Rivera less than two weeks after she reported sexual harassment by Mr. Lalinde, and requested not work with him any longer.

25. Defendant's stated reason for terminating Ms. Rivera was false and/or pretextual and was used to conceal retaliation against Ms. Rivera for reporting and opposing sexual harassment.

26. Ms. Rivera would not have been terminated but for her protected activity in reporting and opposing the sexual harassment she experienced at work.

27. Defendant's actions would dissuade a reasonable employee from reporting sexual harassment or otherwise opposing conduct prohibited by Title VII and the FCRA.

28. As a direct and proximate result of Defendant's unlawful conduct, Ms. Rivera lost her job and her only source of income, and has suffered and continues to suffer economic and non-economic damages, including lost wages and benefits, loss of professional reputation, emotional distress, mental anguish, humiliation, loss of dignity, and other intangible harm.

29. On September 19, 2025, Ms. Rivera timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Florida Commission on Human Relations. The Charge was assigned Charge No. 510-2025-13046 and alleged discrimination based on sex and retaliation.

30. On June 24, 2026, the EEOC issued Ms. Rivera a Notice of Right to Sue on Charge No. 510-2025-13046.

31. Ms. Rivera timely commenced this action within ninety (90) days of her receipt of the EEOC's Notice of Rights.

32. All conditions precedent to bringing this action have been satisfied, performed, or otherwise waived.

33. Ms. Rivera retained the undersigned counsel and agreed to pay a reasonable fee for the services rendered in connection with this matter.

## COUNT I – VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT

34. Ms. Rivera pursues claims under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, et seq., to address Defendant's violations of Title VII and the damages she suffered as a result.

35. Defendant was, at all times material, an "employer" as defined by Title VII and subject to its provisions,

36. Ms. Rivera was, at all times material, an "employee" of Defendant as defined by Title VII and a female entitled to Title VII's protections against discrimination because of sex and retaliation.

37. Ms. Rivera was qualified for her position as a Sales Associate and performed her duties satisfactorily throughout her employment with Defendant.

38. As a direct and proximate result of Defendant's intentional conduct in violation of Title VII, Ms. Rivera has suffered and continues to suffer damages, including but not limited to loss of past and future wages and benefits; loss of professional reputation; emotional distress, mental anguish, humiliation, loss of dignity, and loss of enjoyment of life; and other compensatory damages.

39. Defendant's actions were knowing, intentional, willful, malicious, and/or in reckless disregard of Ms. Rivera's federally protected rights, warranting the imposition of punitive damages.

40. Ms. Rivera is entitled to recover her reasonable attorney's fees and costs from Defendant upon prevailing under Title VII.

## COUNT 1A – SEX DISCRIMINATION
(Sexual Harassment / Hostile Work Environment)

Plaintiff, Karla Rivera Contreras, re-alleges and reincorporates paragraphs 1 through 40 as though fully set forth herein, and further alleges as follows:

41. Title VII prohibits an employer from discriminating against an employee with respect to the terms, conditions, and privileges of employment because of the employee's sex, including by subjecting an employee to unlawful sexual harassment.

42. Ms. Rivera is a member of a protected class based on her sex, female.

43. Ms. Rivera was subjected to unwelcome harassment based on her sex when her male co-worker, Mr. Lalinde, approached her from behind, hugged her without her consent, and forcibly kissed her on the mouth.

44. Mr. Lalinde's unwanted physical and sexual contact was sufficiently severe to alter the terms and conditions of Ms. Rivera's employment and create an intimidating, hostile, and offensive working environment.

45. Ms. Rivera promptly reported Mr. Lalinde's harassing conduct pursuant to Defendant's reporting procedures, thereby placing Defendant on actual notice of the harassment.

46. Defendant investigated Ms. Rivera's complaint and ultimately determined Mr. Lalinde had engaged in inappropriate workplace conduct.

47. Defendant's conduct described herein constitutes unlawful sex discrimination and sexual harassment in violation of Title VII.

48. As a direct and proximate result of the unlawful conduct complained of herein, Ms. Rivera has suffered damages recoverable under Title VII as alleged above.

WHEREFORE, Plaintiff, Karla Rivera Contreras, demands judgment against Defendant, Duty Free Americas, Inc., declaring that Defendant violated Title VII; awarding her all damages available under law, including past and future lost wages and benefits, compensatory damages for

emotional distress, mental anguish, humiliation, loss of dignity, reputational damages, and other intangible injuries; awarding punitive damages; granting all appropriate equitable and injunctive relief; awarding all interest allowed by law, her attorney's fees and costs; and granting such other and further relief as the Court deems just and proper.

COUNT IB – RETALIATION
(In Violation of Title VII)

Plaintiff, Karla Rivera Contreras, re-alleges and reincorporates paragraphs 1 through 40 as though fully set forth herein, and further alleges as follows:

49. Title VII prohibits an employer from retaliating against an employee because she opposed an unlawful employment practice, reported sexual harassment, or otherwise engaged in activity protected by Title VII.

50. Ms. Rivera engaged in statutorily protected activity when she reported and opposed the sexual harassment she experienced at work and participated in Defendant's ensuing investigation.

51. Defendant knew of Ms. Rivera's protected activity because she reported Mr. Lalinde's harassment to Defendant's supervisory and Human Resources personnel, and requested that she be separated from Mr. Lalinde.

52. Defendant subjected Ms. Rivera to an adverse employment action by terminating her employment.

53. Ms. Rivera's termination occurred only days after she reported Mr. Lalinde's conduct and immediately after Human Resources questioned her concerning the surveillance footage documenting the reported harassment.

54. Defendant would not have terminated Ms. Rivera but for her protected activity.

55. Defendant's stated reason for terminating Ms. Rivera was false and/or pretextual.

56. Defendant's retaliatory conduct would have dissuaded a reasonable employee from reporting sexual harassment or otherwise engaging in activity protected by Title VII.

57. Defendant's termination of Ms. Rivera because she engaged in protected activity constitutes unlawful retaliation in violation of Title VII.

58. As a direct and proximate result of Defendant's unlawful retaliation, Ms. Rivera has suffered and continues to suffer damages, including past and future lost wages and benefits, emotional distress, mental anguish, humiliation, loss of dignity, reputational harm, and other economic and non-economic damages.

WHEREFORE, Plaintiff, Karla Rivera Contreras, demands judgment against Defendant, Duty Free Americas, Inc., declaring that Defendant retaliated against her in violation of Title VII; requiring that she be reinstated to the position she would have held, with all attendant lost wages, benefits, and seniority rights, or awarding appropriate front pay in lieu thereof; awarding her compensatory damages, including for the loss of past and future wages and benefits, mental anguish, loss of dignity, reputational damages, and other intangible injuries; awarding her punitive damages; granting appropriate injunctive relief; and awarding all interest allowed by law, her attorney fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT III – VIOLATIONS OF THE FLORIDA CIVIL RIGHTS ACT

(Fla. Stat. §§ 760.01, *et seq.*)

Plaintiff, Karla Rivera Contreras, re-alleges and reincorporates paragraphs 1 through 33 as though fully set forth herein, and further alleges as follows:

59. The Florida Civil Rights Act of 1992 ("FCRA") makes it unlawful for an employer to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment because of that individual's sex.

60. The FCRA further prohibits an employer from retaliating against an employee because the employee opposed an unlawful employment practice or otherwise engaged in activity protected by the FCRA.

61. At all times material hereto, Defendant was an employer covered by the FCRA.

62. At all times material hereto, Ms. Rivera was protected from discrimination under the FCRA because of her sex.

63. Ms. Rivera was qualified for her position as a Sales Associate and performed her duties satisfactorily throughout her employment with Defendant.

64. As a direct and proximate result of Defendant's unlawful conduct, Ms. Rivera has suffered and will continue to suffer economic damages, including lost wages, lost benefits, and other employment-related losses.

65. Ms. Rivera has also suffered and will continue to suffer emotional distress, mental anguish, humiliation, loss of dignity, reputational harm, and other intangible damages.

66. Defendant's actions were knowing, intentional, willful, malicious, and/or in reckless disregard of Ms. Rivera's rights under the FCRA, warranting the imposition of punitive damages.

67. Ms. Rivera is entitled to recover her reasonable attorneys' fees and costs as permitted by law.

## COUNT IIA – SEX DISCRIMINATION
(Sexual Harassment / Hostile Work Environment)

Plaintiff, Karla Rivera Contreras, re-alleges and reincorporates paragraphs 1 through 33 and 59 through 67 as though fully set forth herein, and further alleges as follows:

68. The FCRA prohibits an employer from discriminating against an employee with respect to the terms, conditions, and privileges of employment because of the employee's sex, including by subjecting the employee to unlawful sexual harassment.

69. Ms. Rivera was subjected to unwelcome harassment based on her sex when Mr. Lalinde approached her from behind, hugged her without her consent, and forcibly kissed her on the mouth.

70. Mr. Lalinde's unwanted physical and sexual contact was sufficiently severe to alter the terms and conditions of Ms. Rivera's employment and create an intimidating, hostile, and offensive working environment.

71. Ms. Rivera promptly reported Mr. Lalinde's conduct pursuant to Defendant's harassment-reporting procedures, thereby placing Defendant on actual notice of the harassment.

72. Defendant investigated Ms. Rivera's complaint and ultimately determined that Mr. Lalinde had engaged in inappropriate workplace conduct.

73. Defendant's conduct described herein constitutes unlawful sex discrimination and sexual harassment in violation of the FCRA.

74. As a direct and proximate result of the unlawful conduct complained of herein, Ms. Rivera has suffered and continues to suffer the economic and non-economic damages alleged above.

WHEREFORE, Plaintiff, Karla Rivera Contreras, demands judgment against Defendant, Duty Free Americas, Inc., declaring that Defendant violated the Florida Civil Rights Act; awarding her compensatory damages, including past and future lost income and benefits, damages for mental anguish, loss of dignity, reputational harm, and other intangible injuries; awarding punitive damages; granting appropriate equitable and injunctive relief; awarding all interest allowed by law, taxable costs and attorneys' fees; and granting such other and further relief as the Court deems just and proper.

COUNT IIB – RETALIATION
(In Violation of the FCRA)

Plaintiff, Karla Rivera Contreras, re-alleges and reincorporates paragraphs 1 through 33 and 59 through 67 as though fully set forth herein, and further alleges as follows:

75. The FCRA prohibits an employer from retaliating against an employee because she opposed unlawful employment practices, reported sexual harassment, or otherwise engaged in protected activity.

76. Ms. Rivera engaged in statutorily protected activity when she reported and opposed Mr. Lalinde's unwanted sexual conduct and participated in Defendant's investigation concerning the incident.

77. Defendant knew of Ms. Rivera's protected activity because she reported the conduct to supervisory personnel and Human Resources concerning the incident.

78. Defendant subjected Ms. Rivera to an adverse employment action by terminating her employment.

79. Ms. Rivera's termination occurred only days after she reported Mr. Lalinde's conduct and immediately after Human Resources questioned her concerning the surveillance footage documenting the incident.

80. Defendant would not have terminated Ms. Rivera but for her protected activity.

81. Defendant's stated reason for terminating Ms. Rivera was false and/or pretextual.

82. Defendant's retaliatory conduct would have dissuaded a reasonable employee from reporting sexual harassment or otherwise engaging in activity protected by the FCRA.

83. Defendant's termination of Ms. Rivera because she engaged in protected activity constitutes unlawful retaliation in violation of the FCRA.

84. As a direct and proximate result of Defendant's unlawful retaliation, Ms. Rivera has suffered and continues to suffer emotional distress, mental anguish, humiliation, loss of dignity, reputational harm, and other intangible damages.

85. Defendant's actions were knowing, intentional, willful, malicious, and/or in reckless disregard of Ms. Rivera's rights under the FCRA, warranting the imposition of punitive damages.

86. Ms. Rivera is entitled to recover her reasonable attorneys' fees and costs as permitted by law.

WHEREFORE, Plaintiff, Karla Rivera Contreras, demands judgment against Defendant, Duty Free Americas, Inc., declaring that Defendant retaliated against her in violation of the Florida Civil Rights Act; requiring that she be reinstated to the position she would have held, with all attendant lost wages, benefits, and seniority rights, or awarding appropriate front pay in lieu thereof; awarding her compensatory damages, including past and future lost income and benefits and damages for mental anguish, loss of dignity, reputational harm, and other intangible injuries; awarding punitive damages; granting appropriate equitable and injunctive relief; awarding all interest allowed by law, taxable costs and attorney's fees; and granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Karla Rivera Contreras, demands a trial by jury of all issues so triable.

Dated this 18th day of September 2026.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
Katelyn Schickman, Esq.
Fla. Bar No. 1064879
katie@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel: 305.230.4884
Counsel for Plaintiff